Jason D Haymore (UT-13236)
Zakia A. Richardson (UT-14298)
PEARSON, BUTLER & CARSON, PLLC
1802 South Jordan Parkway #200
South Jordan, UT 84095
(t)801-495-4104
JasonH@pearsonbutler.com
Zakia@pearsonbutler.com
Attorneys for Plaintiff

**UNITED STATES COURT DISTRICT OF UTAH**
**CENTRAL DIVISION, STATE OF UTAH**

| | |
|---|---|
| CURTIS BARTH, an Individual<br><br>Plaintiff,<br>vs.<br><br>SAVAGE SERVICES CO., a Corporation,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No.:<br><br>Honorable: |

Plaintiff Curtis Barth ("Plaintiff" or "Mr. Barth"), by and through counsel, hereby submits this Complaint and Jury Demand and complains against Defendant Savage Services Co., ("Defendant") as follows:

## INTRODUCTION

1. This is a proceeding to redress disability discrimination and retaliation in violation of the Americans with Disabilities Act 42 U.S.C. §12101, et seq., as amended (the "ADA").

## PARTIES

2. Mr. Barth is an individual who at all times relevant herein, was and is a resident of Davis County, Utah.

3. Defendant is a Utah corporation duly licensed to operate in the State of Utah and conducts business from its operations in Salt Lake County, Utah.

4. Defendant employs more than three thousand (3,000) employees and is an employer within the meaning of Title VII.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, in that this action arises under federal law, specifically, the ADA.

6. The unlawful employment discrimination giving rise to Plaintiff's claims were committed within the jurisdiction of this court. Therefore, venue is proper under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391.

7. Mr. Barth has fulfilled all conditions precedent under the ADA prior to instituting this lawsuit and has fulfilled all obligations to exhaust his administrative remedies.

8. Mr. Barth filed a timely charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Utah Labor Commission.

9. The EEOC issued Mr. Barth a Notice of Right to Sue on September 17, 2018. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit A and incorporated herein by reference.

## FACTS

10. Mr. Barth was hired by Defendant during April 2017 to work as a project manager in the engineering department at an annual salary of $120,000.00.

11. Mr. Barth successfully performed his job duties as a project manager without disciplinary actions or reprimands.

12. On or about July 4, 2017, Mr. Barth experienced hip pain that was diagnosed as a dislocated sacroiliac joint.

13. Mr. Barth's injury required medical attention to alleviate the chronic pain and weakness in his lower extremities.

14. Between July 11, 2017 and August 2017, Mr. Barth was confined to a wheelchair with limited walking capacity.

15. During Mr. Barth's use of a wheelchair, supervisor Troy Walker asked why the wheelchair was needed and whether he had a medical diagnosis.

16. At the beginning of August 2017, Mr. Barth's joint was repositioned, and he was able to perform his job duties without accommodation.

17. On Friday, August 11, 2017, Defendant forced Mr. Barth to take a thirty-day medical leave of absence over Mr. Barth's objection.

18. Mr. Barth obtained a medical release on August 24, 2018 and Defendant allowed Mr. Barth to return to work on August 28, 2017.

19. Upon his return to work, Mr. Barth was informed by his supervisor Troy Walker that an executive in the company believed that he was faking his injury and shared this opinion with other employees.

20. Mr. Barth began to experience heightened scrutiny at work.  Mr. Barth's co-workers were not subjected to the same heightened scrutiny.

   a. Mr. Barth was given a leave of absence for being in a wheel chair, while other employees were accommodated with a knee scooter without repercussions.

   b. Mr. Barth was reprimanded for cost overages on a project, while the Barge project managed by Steve Morrey and Boyd Drapers was over by hundreds of millions of dollars, and there was a corporate celebration at the completion of the Barge project with speeches, cake and ice cream without any word of the gross cost overages.

21. Mr. Barth was reprimanded for sending an estimate that his supervisor Troy Walker reviewed, approved, and instructed him to share with the team.

22. Defendant removed some of Mr. Barth's job duties from his role.

23. On September 29, 2017, Defendant through its managers verbally criticized Mr. Barth for a project in which he uncovered untimely and expensive errors committed by others.

24. Mr. Barth informed managers Troy Walker, Steve Morrey, and Boyd Draper of the problems plaguing the Hammond project including, the lack of a city permit, a cease and desist order, high voltage power line in disrepair, soft soil and high-water table problems, misplaced fire line and safety issues.

25. Defendant through its managers blamed Mr. Barth for a cost error he did not generate and accused him of tooting his own horn.

26. On October 13, 2017, Mr. Barth complained to his supervisor, Troy Walker, that he was being treated differently than other employees because of his recent medical condition.

27. On October 16, 2017, Mr. Barth was placed on an indefinite suspension.

28. On October 16, 2017, while Mr. Barth was out on suspension, Defendant created an incident list for alleged performance issues.

29. On October 23, 2018, Defendant terminated Mr. Barth's employment for alleged performance issues.

30. Defendant's reason for termination is pretext for discrimination based on his disability.

31. Defendant violated the ADA for discriminating against Mr. Barth because of his disability.

**FIRST CAUSE OF ACTION**
(Americans with Disabilities Act – Disability Discrimination)

32. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

33. Defendant employs more than 15 employees and is therefore an "employer" as that term is defined in 42 U.S.C. §12111(5)(A).

34. Plaintiff is a disabled person as defined by the ADA.  He suffered from a condition which affected his musculoskeletal system.  This condition caused him to use a wheelchair for a period of time because he was unable to walk.

35. Defendant also regarded Plaintiff as having an impairment that is neither transitory nor minor.  Defendant forced Plaintiff to take a thirty-day medical leave of absence.

36. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.  Plaintiff uncovered and resolved several costly problems plaguing the various projects at the company including the Hammond project.

37. There were no allegations of poor work performance prior to his injury and time in a wheelchair.  Complaints about Plaintiff's work started after he was injured.  Plaintiff was fired within a week of complaining of being treated differently because of his disability.

38. For reasons including but not limited to those described in this Complaint, Defendant has discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12111 et seq, and its implementing regulations.

39. Plaintiff was treated differently in the workplace than other co-employees without disabilities who were similarly situated and any reasons for such differing treatment or for allowing such differing treatment to occur are pretextual. The real reasons for such differing treatment had to do, in part or in whole, with Plaintiff's disability.

40. Defendant was aware, or should have been aware, of the actions and inactions described above, because such were obvious and pervasive and because, at various times throughout his employment. Plaintiff complained of them to Defendant on multiple occasions. Despite such awareness, Defendant failed to investigate Plaintiff's complaints and failed to respond in a way reasonably calculated to stop the discrimination.

41. Defendant effectively terminated Plaintiff's employment by placing him on an indefinite suspension and refusing to allow him to work in any other capacity. This has been done because of his status as a disabled person under the ADA, in violation of the ADA.

42. Plaintiff has been damaged, and continues to be damaged by Defendant's discriminatory treatment and termination of Plaintiff.

43. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. §12117.

## SECOND CAUSE OF ACTION
(Americans with Disabilities Act – Retaliation)

44. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

45. Plaintiff complaints of discrimination constitutes protected activity under the Americans with Disabilities Act.

46. After Plaintiff informed Defendant that he was being treated differently Defendant unlawfully retaliated against Plaintiff by disciplining him, suspending him and then terminating his employment.

47. Plaintiff has been damaged and continues to be damaged by Defendant's unlawful harassment.

48. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. §12117.

## *PRAYER FOR RELIEF*
Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For back wages and an award of anticipated front pay;
2. For costs advanced related to damages in an amount to be determined at trial;
3. For damages under the Americans with Disabilities Act related to emotional distress and other general damages in an amount to be determined at trial;
4. For Plaintiff's attorney's fees pursuant to 42 U.S.C. § 12205:
5. For punitive damages in an amount to be determined at trial; and
6. For interest on the forgoing, costs of court, and such other relief as the court deems just and equitable.

## JURY TRIAL REQUESTED

Dated this December 13, 2018

/s/ Zakia A. Richardson
Zakia A. Richardson
Attorney for Plaintiff